## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | **NO. 1:22-CV-192** |
| | ) | |
| v. | ) | **JUDGES** _____ |
| | ) | |
| 9625 CHURCH STREET, SODDY DAISY, | ) | |
| TENNESSEE 37379, and | ) | |
| | ) | |
| 9627 CHURCH STREET, SODDY DAISY, | ) | |
| TENNESSEE 37379, | ) | |
| | ) | |
| **Defendants.** | ) | |

## VERIFIED COMPLAINT *IN REM*

Comes now the plaintiff, United States of America, by and through its attorneys, Francis M. Hamilton III, United States Attorney for the Eastern District of Tennessee, and Tammy O. Combs, Assistant United States Attorney, and brings this complaint and alleges as follows in accordance with Rule G(2) of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

## NATURE OF THE ACTION

1.      In this *in rem* civil action, the United States of America seeks forfeiture of the defendant property as set forth below.

## THE DEFENDANT *IN REM*

2.      The United States seeks forfeiture of the following defendant real property with all buildings, appurtenances, improvements, and attachments thereon, which are more fully identified and more particularly described below:

The real property, with all appurtenances, improvements, and attachments thereon, located at 9625 and 9627 Church Street, Soddy Daisy, Tennessee 37379 ("**Church Property**") owned by Jeremy Eaker as of April 21, 2020, and more particularly described as follows:

LOCATED IN THE THIRD CIVIL DISTRICT OF HAMILTON COUNTY, TENNESSEE:

Tract 1 066B-B-016.00

Lot Eleven (11) and part of Lot Ten (10), of the Card Subdivision, known as White Row Addition on Church Street. Beginning 450 feet from J.A. Miller's Southeast corner; thence South 31 degrees West along West side of Church Street, 125 feet to a corner; thence North 41 degrees 7 minutes West 150 feet to a corner; thence North 31 degrees East 81 feet to a corner; thence Southeast 150 feet, more or less, to the beginning corner.

Tract 2 066B-B-015.00

Lot Nine (9) of the Card Subdivision known as White Row Addition on Church Street and beginning 400 feet from J A Miller's Southeast comer; thence South 31 degrees West, along the West side of a 30 foot street, 50 feet to a corner, thence North 41 degrees 07 minutes West 150 feet to a corner; thence North 31 degrees East 50 feet to a corner; thence South 40 degrees 28 minutes East 150 feet to the beginning corner.

Being the same real estate conveyed to Serafin Padilla-Garcia by Warranty Deed from Brenda E. Johnson as administrator of the Estate of Elizabeth Ann Judd as ordered by the Chancery Court for Hamilton County, Tennessee dated November 18, 2019 and recorded November 19, 2019 in Book 11824, page 421, Register's Office of Hamilton County, Tennessee.

SUBJECT TO Any governmental zoning and/or subdivision ordinance or regulation in effect thereon.

For further reference see Warranty Deed recorded on April 22, 2020, in Deed Book GI 11976, Page 339, in the Register's Office of Hamilton County, Tennessee, Instrument Number 2020042200011.

3.      The defendant real property has not been seized but is within the jurisdiction of

the Court pursuant to 28 U.S.C. § 1355(b)(1)(A).  The United States does not request authority

from the Court to seize the defendant real property at this time. The United States will, as provided by 18 U.S.C. § 985(b)(2) and (c)(1):

    a.    post notice of this action and a copy of the Verified Complaint *In Rem* on the defendant real property;

    b.    serve notice of this action on the record owner of the defendant real property, and any other person or entity who may claim an interest in the defendant real property, along with a copy of this Verified Complaint *In Rem*;

    c.    execute a writ of entry for purposes of conducting an inspection and inventory of the defendant real property; and

    d.    file a notice of *lis pendens* in the county records where the defendant real property is located.

## JURISDICTION AND VENUE

4. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

5. This Court has *in rem* jurisdiction over the defendant property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture of the defendant property occurred in this district.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A), because the acts or omissions giving rise to the forfeiture occurred in this district. Additionally, venue is proper pursuant to 28 U.S.C. § 1395(b) because the property is located in this district.

## BASIS FOR FORFEITURE

7. The United States of America seeks forfeiture of the defendant property pursuant to:

3

a) 21 U.S.C. § 881(a)(6), which authorizes forfeiture of all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act, in violation of 21 U.S.C. §§ 841 and/or 846;

b) 21 U.S.C. § 881(a)(7), which authorizes forfeiture of all real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment;

c) 18 U.S.C. § 981(a)(1)(A), which authorizes forfeiture of any property, real or personal, involved in a transaction or attempted transaction in violation 18 U.S.C. §§ 1956 and/or 1957, or any property traceable to such property; and

d) 18 U.S.C. § 981(a)(1)(C), which authorizes forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to any offense constituting "specified unlawful activity," as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such offense.

8. Pursuant to 21 U.S.C. § 881(h) and 18 U.S.C. § 981(f), all right, title and interest in the defendant property became vested in the United States at the time of the acts giving rise to the forfeiture.

<b><u>FACTS</u></b>

9. As set forth in detail in the Affidavit of Drug Enforcement Administration, Special Agent Nathan F. Mills, the Government's investigation has determined that the defendant property constitutes proceeds traceable to and facilitated violations of 21 U.S.C. §§ 841 (Drug Distribution) and/or 846 (Drug Conspiracy) and is subject to civil forfeiture pursuant to 21 U.S.C. §§ 881(a)(6) and 881(a)(7), and pursuant to 18 U.S.C. §§ 1956 and/or 1957 (Money Laundering) and is subject to civil forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C). The owner of the defendant property, Jeremy Eaker, and co-conspirators

4

engaged in the illegal distribution of controlled substances in the Eastern District of Tennessee, and laundered the proceeds obtained from that same drug conspiracy.

10.     The defendant property is subject to forfeiture to the United States in accordance with 21 U.S.C. §§ 881(a)(6) and 881(a)(7) and 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C).

## CLAIM FOR RELIEF

11.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 10 above.

## PRAYER FOR RELIEF

12.     Wherefore, the United States of America prays that:

(a)     Defendant property be condemned and forfeited to the United States of America in accordance with the provisions of law;

(b)     Notice of this action be given to all persons known or thought to have an interest in or right against the defendant property;

(c)     Plaintiff be awarded its costs in this action and for such other necessary and equitable relief as this Court deems proper.

Respectfully submitted,

FRANCIS M. HAMILTON III
United States Attorney

By:     *s/ Tammy O. Combs*
        Tammy O. Combs, BPR #019340
        Assistant United States Attorney
        1110 Market Street, Suite 515
        Chattanooga, Tennessee 37402
        Tammy.Combs@usdoj.gov
        (423) 752-5140

5

# <u>VERIFICATION</u>

I, Nathan F. Mills, Special Agent, Drug Enforcement Administration, hereby verify and declare under penalty of perjury as provided by 28 U.S.C. § 1746, the following:

That I have read the foregoing Verified Complaint *In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint *In Rem* and in the accompanying Affidavit are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are from information gathered by law enforcement officers, as well as my investigation of this case with the Drug Enforcement Administration.

I hereby verify and declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this _15ᵗʰ_ day of July, 2022.

_____
Nathan F. Mills
Special Agent
Drug Enforcement Administration

6

Case 1:22-cv-00192-TRM-CHS    Document 1    Filed 07/19/22    Page 6 of 6    PageID #: 6